**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**LISA GUSTAFSON FEIS et al.,**

**Plaintiffs,**

**8:20-cv-566 (GLS/CFH)**

**v.**

**THE TOWN OF MASSENA, NY, et al.,**

**Defendants.**

---

**APPEARANCES:** **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
*Lisa Gustafson Feis &*
*Julien Feis*
*Pro Se*
21707 65th Ave CT E
Spanaway, WA 98387

**FOR THE DEFENDANTS:**
*The Town of Massena, NY*
Office of Stewart L. Weisman — STEWART L. WEISMAN, ESQ.
8060 Shadowrock Road
Manlius, NY 13104

Hancock, Daniel & Johnson — DUSTIN PLUMADORE, ESQ.
5793 Widewaters Parkway
Suite 210
Dewitt, NY 12983

*The Village of Massena, NY,*
*Massena Police Department, Chief*
*Adam Love, Sgt. Mark Englert,*
*Christopher D. Flynn, Cody J.*

| | |
|---|---|
| *Wilson, Nicholas C. Belile, C. Bain, Ptl. McDowell, Ptl. Cary, C. Francis, & A. Richard*<br>Fischer, Bessette Law Firm<br>P.O. Box 420<br>43 Golf Course Road<br>Malone, NY 12953-0420 | ROBERT R LAWYER, III, ESQ. |
| *Massena Volunteer Emergency Unit & James McGrath*<br>Smith, Sovik, Kendrick & Sugnet, P.C.<br>250 South Clinton Street<br>Suite 600<br>Syracuse, NY 13202-1252 | KAREN G. FELTER, ESQ.<br>STEVEN W. WILLIAMS, ESQ. |
| *Massena Memorial Hospital, Bedros Bakirtzian, Brian Belile, Peggy Truesdell, Meghan Carr, Micheline McCarthy, Maryann Childs, Mark Harmon, & Susan M. Mackey*<br>Martin Ganotis Brown Mould & Currie, PC<br>5788 Widewaters Parkway<br>Dewitt, NY 13214 | CHRISTIAN T. PAYNE, ESQ.<br>GABRIELLE L. BULL, ESQ. |
| *Halina Jandura-Cessna & Joseph Lamb*<br>Phelan, Phelan & Danek, LLP<br>300 Great Oaks Blvd.<br>Suite 315<br>Albany, NY 12203 | ROBIN BARTLETT PHELAN, ESQ.<br>TIMOTHY TRIPP, ESQ. |
| *Ismene Maravegias*<br>O'Connor, O'Connor Law Firm<br>20 Corporate Woods Boulevard | DENNIS A. FIRST, ESQ.<br>ELIZABETH J. GROGAN, ESQ. |

Albany, NY 12211

*Randy J. Fenton & Debora Fenton,*
Trevett Cristo P.C.
Two State Street
Suite 1000
Rochester, NY 14614

LOUIS B. CRISTO, ESQ.
MELANIE WOLK, ESQ.

*Vicky Adams* NO APPEARANCES

*The Massena Volunteer Fire Department* NO APPEARANCES

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs *pro se* Lisa Gustafson Feis (hereinafter "Feis") and Julien Feis (hereinafter "Julien")[1] commenced this action against thirty-one

[1] It is not apparent what, if any, claims are asserted by Julien. In the amended complaint's "prayer for relief," Julien seeks "relief for damages that harmed . . . [Julien] emotionally, mentally, and financially." (Am. Compl. ¶ 678.) MVEU and McGrath argue that "an individual's claim for mental or emotional distress arising from alleged violations of a loved one's civil rights, standing alone, is not cognizable under [S]ection 1983," and that Julien cannot assert a claim for loss of consortium because it is not cognizable under Section 1983, and, therefore, any "stand-alone" claim by Julien must be dismissed. (Dkt. No. 169, Attach. 1 at 19-20.) Such assertion is incorrect, and, thus, MVEU and McGrath's motion to

defendants alleging constitutional and state law violations in connection with a personal injury accident and the ensuing medical attention received. (Am. Compl., Dkt. No. 87.) Pending are motions to dismiss filed by defendants Ismene Maravegias, M.D., (Dkt. No. 92), Halina Jandura-Cessna, M.D., (Dkt. No. 103), The Town of Massena, NY, (Dkt. No. 114), Joseph Lamb, P.A., (Dkt. No. 162),[2] and Massena Volunteer Emergency Unit (MVEU) and James McGrath, E.M.T., (Dkt. No. 169). For the following reasons, the motions of Maravegias, Cessna, Lamb, and MVEU and McGrath are granted, and the Town's motion is denied as moot.

## II. **Background**

dismiss on this basis is denied. Indeed, diversity jurisdiction has been alleged, (Am. Compl. ¶¶ 8, 11-12), and, to date, has not been challenged. In any event, plaintiffs, in response to this argument, contend that Julien "has not claimed loss of consortium in the amended complaint." (Dkt. No. 175 at 13.) As such, a loss of consortium claim is not before the court. As to what, if any, claims are before the court, as noted above, it is unclear. Nonetheless, in light of the lack of meritorious arguments by defendants on this point, as well as the liberal construction afforded to *pro se* plaintiffs at this stage, there is no occasion to reach any potential claims asserted by Julien.

[2] Lamb joins Cessna's motion and incorporates by reference all supporting papers. (Dkt. No. 162.)

**A. Facts**[3]

On June 5, 2016, Feis was "a pedestrian traversing the parking lot of the Super 8 motel [in the Village of Massena] . . . when she was struck by [a] motor vehicle and trailer driven by" a non-party. (Am. Compl. ¶ 84.) Feis "was unable to stand or walk on her own" and her "inability to stand or walk, and the knowledge that [she] was struck by a motor vehicle[,] pointed towards a significant pelvis or spine injury since both legs were affected." (*Id.* ¶¶ 112-13.) Despite Feis' "visible injuries," neither the emergency medical technicians (EMTs) nor the police responding to the scene "attempted to treat . . . Feis as a motor vehicle vs. pedestrian accident victim, but casually treated her as an intoxicated person that had fallen." (*Id.* ¶¶ 84, 111, 152.)

"At the scene, [defendants] left . . . Feis sitting on the cold, wet ground helplessly," and "then she was loaded into the ambulance without stabilization." (*Id.* ¶ 224.) She was not "secure[d] . . . with a c-collar or a

---

[3] The facts are drawn from plaintiffs' amended complaint, (Dkt. No. 87), and presented in the light most favorable to them. However, to the extent the complaint is riddled with legal conclusions, such facts need not be accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

pelvic tourniquet for hours after the accident," and defendants "failed to address the urgency of [her] critical condition and call for or insist on a medivac or other urgent transport to a Tier 1 Trauma facility that was clearly needed." (*Id.* ¶¶ 347, 350.) She was transported to Massena Hospital, where she "was moved with a complete disregard for safety or the amount of pain each movement caused." (*Id.* ¶¶ 225, 289.)

## B. Procedural History[4]

Plaintiffs commenced the instant action on May 21, 2020. (Compl., Dkt. No. 1.) Maravegias, Randy and Debora Fenton, and Cessna filed motions to dismiss. (Dkt. Nos. 39, 63, 85.) On October 2, 2020, plaintiffs filed an amended complaint, (Dkt. No. 87), which mooted the previously filed motions to dismiss, (Dkt. No. 88).

Plaintiffs assert the following causes of action as against Maravegias: (1) "(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection";

---

[4] As a *pro se* litigant, the court must read plaintiffs' pleadings "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

(2) “creating false light”; and (3) a “violation of privacy rights,” (Am. Compl., ¶¶ 234-44, 328-57; 647-54; 676-77); as against Cessna: (1) “(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection,” and (2) a “violation of privacy rights,” (*id.* ¶¶ 234-44, 328-57; 676-77); as against Lamb: “(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection,” (*id.* ¶¶ 234-44, 328-57); as against MVEU and McGrath: (1) “(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection,” and (2) collusion, (*id.* ¶¶ 234-44, 312-327; 446-468); and as against the Town of Massena: “(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection,” (*id.* ¶¶ 234-49).

## V. <u>Standard of Review</u>

### A. <u>Rule 12(b)(6)</u>

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen &*

*Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

**B. Rule 12(b)(5)**

When a defendant moves to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "[t]he burden is on the plaintiff to establish that his service was not insufficient." *DiFillippo v. Special Metal Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (citation omitted). "Conclusory statements that a defendant was properly served are insufficient to meet that burden." *Flemming v. Moulton*, No. 9:13-CV-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (internal quotation marks and citation omitted). "In resolving the motion, the court must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." *Id.* (internal quotation marks and citation omitted). If service is deficient, "the court may, but is not required to, dismiss the action[, or] the court may grant leave to allow the plaintiff to cure the insufficiency." *DiFillippo*, 299 F.R.D. at 353 (citation omitted).

## IV. Discussion

**A. Motions of Maravegias, Cessna, Lamb, and MVEU and McGrath**

*1. § 1983 Claim*

Maravegias, Cessna, Lamb, MVEU, and McGrath move to dismiss

plaintiffs' § 1983 claim on the basis of untimeliness. (Dkt. No. 92, Attach. 2; Dkt. No. 103, Attach. 2 at 2-9; Dkt. No. 169, Attach. 1 at 4-9, 20-21.) Specifically, defendants argue that plaintiffs failed to commence the instant action within three years of when they knew or had reason to know of the injuries that form the basis of the action, or, alternatively, failed to serve a notice of claim within ninety days after the claims arose and failed to commence the instant action within one year and ninety days after the claims arose in accordance with New York General Municipal Law §§ 50-e(1)(a) and 50-i(1). (*Id.*) MVEU and McGrath also seek dismissal of plaintiffs' § 1983 claim on the basis that the Eighth and Fourteenth Amendments are inapplicable to this case. (Dkt. No. 169, Attach. 1 at 11-13.)

In response, plaintiffs maintain that they were unaware of the events giving rise to their § 1983 claim until reviewing a video of the accident in August 2018, and receiving and reviewing medical records in September 2019. (Dkt. No. 116 at 4-6, 9; Dkt. No. 117 at 5, 7-8; Dkt. No. 175 at 4-6.) As to the applicability of the Eighth and Fourteenth Amendments, plaintiffs maintain that "Feis was in the custody of [s]tate actors at all times," and "remained in the custody of the Massena Police until transferred to

Vermont and had a Constitutional right to suitable/acceptable medical care." (Dkt. No. 175 at 8, 10.)

At this stage, accepting as true all plausible asserted facts, and construing them in the light most favorable to plaintiffs, the court assumes, without deciding, that plaintiffs' complaint is timely. However, even with the liberal construction afforded to plaintiffs as *pro se* litigants, the amended complaint is devoid of a cognizable § 1983 claim as to the moving defendants. As explained below, the Eighth and Fourteenth Amendments do not apply here because there was no formal adjudication of guilt against plaintiffs, or any apprehension of plaintiffs by the police or any other government actor, at the time Feis required medical care.

The Eighth Amendment's proscription of cruel and unusual punishments is violated by "deliberate indifference to serious medical needs of *prisoners*." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (emphasis added). Indeed, the principles of the Eighth Amendment, made applicable to the States by the Fourteenth Amendment, "establish the government's obligation to provide medical care for those whom it is punishing *by incarceration*. An *inmate* must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not

be met." *Id.* at 103 (emphasis added).

Accordingly, "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with *criminal prosecutions*," and "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured *a formal adjudication of guilt* in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (citations omitted) (emphasis added); *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) ("When [the plaintiff] needed medical attention, he was a pretrial detainee, not a person who had been convicted, and hence the Eighth Amendment did not apply." (citations omitted)); *Santiago v. City of New York,* No. 98 Civ. 6543, 2000 WL 1532950, at *4 (S.D.N.Y. Oct. 17, 2000) ("The Eighth Amendment's prohibition on cruel and unusual punishment prohibits deliberate indifference to serious medical needs manifested by intentionally denying or delaying access to medical care. However, the Eighth Amendment has no application when there has been no formal adjudication of guilt." (internal quotation marks, alteration, and citations omitted)). Here, because there was no formal adjudication of guilt against plaintiffs at the time Feis required medical care, the Eighth

Amendment does not apply.

Nor does the Fourteenth Amendment apply. Indeed, the Due Process Clause "require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured *while being apprehended by the police*." *City of Revere*, 463 U.S. at 244 (emphasis added); *see Santiago*, 2000 WL 1532950, at *4 ("[T]he deliberate indifference claims of *prisoners* arise under the Eighth Amendment, and those of *pre-trial detainees* arise under the Due Process Clause of either the Fourteenth Amendment or the Fifth Amendment." (emphasis added)). Here, there are no allegations of apprehension by the police or any other government actor at the time Feis required medical care.

Plaintiffs' allegations of "custody" include the following: "Feis was in the custody of government employees at all times"; "[f]irst, in the care and custody of Massena Police at the scene, then . . . McGrath and Fire Department Driver at the scene then during transport, then hospital staff at Massena Hospital as well as the Massena Police who were at the hospital"; and all of these individuals "were/are government employees who had the responsibility to ensure adequate and appropriate medical

care for . . . Feis, to protect her [Eighth] Amendment rights and to uphold the oaths of their positions."[5] (Am. Compl. ¶¶ 91-93.)

However, as explained above, the type of "custody" plaintiffs describe is not one that triggers Eighth or Fourteenth Amendment protection. Indeed, plaintiff was "a pedestrian traversing the parking lot of the Super 8 motel . . . when she was struck by [a] motor vehicle and trailer driven by" a non-party, and, upon arriving to the scene, neither the EMTs nor the police "attempted to treat . . . Feis as a motor vehicle vs. pedestrian accident victim, but *casually treated her as an intoxicated person that had fallen per the police statements*." (*Id*. ¶¶ 84, 152 (emphasis added).) Plaintiffs "complain[] of the Defendants and their negligence, [and] actions or inactions taken after the injuries had been sustained," and allege that "[t]here were visible injuries that were known, and other injuries that were diagnosed in part later via imaging, however, the clear need for urgent medical attention was known by all." (*Id.* ¶¶ 110-11.) At most, plaintiffs'

---

[5] Plaintiffs allege that officers in the Massena Police Department "obtained a warrant for the arrest of . . . Feis" on June 9, 2016. (Am. Compl. ¶ 432.) However, it is entirely unclear what this warrant relates to. In any event, the accident and ensuing medical attention that is the subject of this lawsuit occurred on June 5, 2016, days before police allegedly obtained a warrant.

claim is for medical malpractice, which is insufficient to support a claim under § 1983. *See Estelle*, 429 U.S. at 107.

As such, because plaintiffs are not within the protections of the Eighth or Fourteenth Amendments, they fail to state a viable constitutional claim against the moving defendants. *See id.* Accordingly, the motions of Maravegias, Cessna, Lamb, and MVEU and McGrath seeking dismissal of plaintiffs' claim for "(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection," (Dkt. Nos. 92, 103, 162, 169), are granted and the claims are dismissed as against them.

*2. "Collusion" Claim Against MVEU and McGrath Only*

MVEU and McGrath characterize plaintiffs' "collusion" claim as one for conspiracy pursuant to § 1983,[6] and seek dismissal of such claim on the basis that plaintiffs' allegations are entirely conclusory, and there is no

[6] Plaintiffs do not oppose the characterization of this claim as one for conspiracy, (Dkt. No. 169 at 8-9), and, based on the allegations in the complaint, (*see, e.g.*, Am. Compl. ¶¶ 446-47, 449-52), the court finds no reason to disagree. *See Master-Halco, Inc. v. Scillia Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 116 n.5 (D. Conn. 2010) (**"**In both the criminal and civil context, courts commonly use 'collusion' and 'conspiracy' synonymously, or they treat the former as evidence of the latter.").

underlying constitutional violation. (Dkt. No. 169, Attach. 1 at 13-15.)

Here, because plaintiffs' only alleged constitutional claim, a claim for for "(Gross Negligence)[:] [v]iolations of 42 U.S.C. [§] 1983: Eighth and Fourteenth Amendments - right to adequate medical care and protection," is dismissed, the derivative conspiracy claim must also be dismissed. *See Walker v. Fitzpatrick*, 814 F. App'x 620, 625 (2d Cir. 2020) ("[W]hen none of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails." (internal quotation marks and citation omitted)). Accordingly, MVEU and McGrath's motion to dismiss plaintiffs' claim for "collusion," (Dkt. No. 169), is granted, and the claim is dismissed as against them.

*3. "Violation of Privacy" Claim Against Maravegias and Cessna Only*

Maravegias and Cessna argue that plaintiffs' privacy claim must be dismissed because plaintiffs have failed to establish a prima facie case for such claim, and, in any event, the claim is untimely.[7] (Dkt. No. 92, Attach. 2 at 7-9; Dkt. No. 103, Attach. 6 at 8-9.) In response, plaintiffs maintain

---

[7] As discussed in Part IV.A.1, the court assumes, without deciding, that plaintiffs' claims are timely.

that they state a valid claim because Maravegias and Cessna were the treating physicians at the time Feis arrived at the hospital, and, during this time, "protected medical information was shared with police in the [emergency room] waiting area according to the recorded statement of Randy J. Fenton," and, although "Mr. Fenton does not specify who shared the information," because Maravegias and Cessna were the treating physicians "for several hours, it is assumed that [they] shared confidential information in a public forum." (Dkt. No. 116 at 7; Dkt. No. 117 at 9.)

Although plaintiffs do not specifically reference the Health Insurance Portability and Accountability Act (HIPAA), the court liberally construes plaintiffs' claim that Maravegias and Cessna are "suspected to have shared the medical information of . . . Feis with the Massena Police officers and the Fenton[]s without consent," (Am. Compl. ¶ 676), as alleging that Maravegias and Cessna violated plaintiffs' rights to the confidentiality of Feis' medical records as provided for under HIPAA. *See* 42 U.S.C. §§ 1320d-1 to 7. HIPAA, however, does not confer a private right of action. *See Gray v. Ramos*, No. 19 Civ. 3836, 2021 WL 795166, at *7 n.7 (S.D.N.Y. Mar. 2, 2021) ("Because Plaintiff has no private right of action under HIPAA, Plaintiff cannot establish that [defendant] violated his

constitutional rights by disclosing private medical information protected by HIPAA."); *Marquez v. Klein*, No. 19-CV-8867, 2019 WL 5551872, at *2 (S.D.N.Y. Oct. 28, 2019) ("Plaintiff's claims under HIPAA must be dismissed because there is no private right of action under that statute or the privacy rules." (citations omitted)).

As such, because plaintiffs have no private right of action under HIPAA, they fail to state a claim against Maravegias and Cessna for failing to keep Feis' medical records private. Accordingly, Maravegias' and Cessna's motions to dismiss plaintiffs' claim for a "violation of privacy," (Dkt. Nos. 92, 103), are granted, and the claim is dismissed as against them.

*4. "False Light" Claim Against Maravegias Only*

Maravegias argues that plaintiffs' false light claim must be dismissed because New York does not recognize such a claim, and, alternatively, should the court construe this as a defamation claim, such claim is untimely. (Dkt. No. 92, Attach. 2 at 9-11.) In response, plaintiffs maintain that, as to the false light claim, Maravegias' "actions fall into the category of Falsifying Business Records in the Second Degree (Class A Misdemeanor), N.Y. Penal Law 175.05, and fraudulent medical records

practices." (Dkt. No. 117 at 9.) As clarified by plaintiffs' response, it is clear that there is no private right of action to enforce either state or federal criminal statutes. *McFadden v. Ortiz*, No. 5:12-CV-1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013). Thus, even if Maravegias violated some criminal statute, plaintiffs may not bring a claim based on those statutes to enforce New York Criminal Law. *See id.* Accordingly, Maravegias' motion to dismiss plaintiffs' false light claim, (Dkt. No. 92), is granted, and the claim is dismissed as against her.

### B. The Town's Motion

The Town moves to dismiss for improper service under Rule 12(b)(5). (Dkt. No. 114, Attach. 2.) Specifically, the Town asserts that plaintiffs filed their original complaint on May 21, 2020, and, as of November 1, 2020—the filing of the Town's motion—the Town had not been served. (*Id.* at 8.) However, the Town's motion became moot when plaintiffs served it in December 2020, (Dkt. No. 147), in accordance with an extension afforded by the court, (Dkt. No. 140), and no arguments have since been made regarding the propriety of such service. Thus, the Town's motion to dismiss for deficient service, (Dkt. No. 114), is denied as moot.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Maravegias' motion to dismiss (Dkt. No. 92) is **GRANTED**; and it is further

**ORDERED** that Cessna's motion to dismiss (Dkt. No. 103) is **GRANTED**; and it is further

**ORDERED** that the Town's motion to dismiss (Dkt. No. 114) is **DENIED as moot**; and it is further

**ORDERED** that Lamb's motion to dismiss (Dkt. No. 162) is **GRANTED**; and it is further

**ORDERED** that the motion to dismiss of MVEU and McGrath (Dkt. No. 169) is **GRANTED**; and it is further

**ORDERED** that all claims against Maravegias, Cessna, Lamb, MVEU, and McGrath are **DISMISSED** and the Clerk is directed to **TERMINATE** them from this action; and it is further

**ORDERED** that the parties contact Magistrate Judge Christian F. Hummel to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 2, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge